The document below is hereby signed.

Signed: December 14, 2016



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
ANATOLIA V. HARPER,                )   Case No. 15-00276
                                   )   (Chapter 7)
              Debtor.              )
_____        )
                                   )
KIMBERLY EDLEY, CONSERVATOR        )
AND PERSONAL REPRESENTATIVE        )
FOR THE ESTATE OF FRANCIA          )
LANIER,                            )
                                   )   Adversary Proceeding No.
              Plaintiff,           )   15-10015
                                   )
         v.                        )
                                   )
ANATOLIA V. HARPER,                )   Not for publication in
                                   )   West's Bankruptcy Reporter
              Defendant.           )
```

MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S
<u>MOTION FOR SUMMARY JUDGMENT</u>

This is an adversary proceeding brought by Kimberly K. Edley, Conservator and Personal Representative for the Estate of Francia Lanier, against Anatolia V. Harper seeking a determination that Edley's claim against Harper, which has been reduced to a judgment entered by the Superior Court of the

District of Columbia, is nondischargeable.  Edley has filed a motion for summary judgment.  Her motion will be granted on the basis that it establishes that a reasonable fact finder could only find that, within the meaning of 11 U.S.C. § 523(a)(4), Harper engaged in defalcation while acting in a fiduciary capacity.

I

FACTS NOT IN GENUINE DISPUTE

Harper does not dispute that she was a fiduciary for Francia Lanier.  She argues that the Superior Court's judgment and findings of fact fail to establish that the debt at issue is of a nondischargeable character.

Harper does not dispute the findings of fact set forth in the *Report of the Auditor-Master* filed in the Superior Court, which was approved by the Superior Court.[1]  Nor does she genuinely contest the facts set forth in the plaintiff's Statement of Material Facts, which lays out additional facts not in genuine dispute.  Edley's Statement of Material Facts was filed in compliance with LBR 7056-1 and DCt.LCvR 7(h), and Harper was required to specify any the facts set forth in the Statement

---

[1] The Superior Court was required to review all objections to findings of fact and conclusions of law made or recommended by an auditor-master de novo.  SCR Civ. 53.  *See Thai Chili, Inc. v. Bennett*, 76 A.3d 902, 909 (D.C. 2013).  By approving the *Auditor-Master's Report*, therefore, the Superior Court adopted the findings of fact and conclusions of law set forth therein.

of Material Facts that she contends are in genuine dispute. Harper has not set forth such a specification. Instead, Harper states:

> 1. The Defendant adopts and incorporates herein by the reference Plaintiff's Statement of Material Facts Not in Dispute and Exhibits attached thereto, as if fully set forth herein.
> 2. However, the defendant excepts, if any, all characterizations of the material facts set forth in Plaintiff's Statement of Material Facts that are inconsistent with the Superior Court's.

Oppos'n Mem., Dkt. No. 45-4, at 2. The facts set forth in the plaintiff's Statement of Material Facts relating to the facts underlying the *Report of the Auditor-Master* are fully consistent with the *Report of the Auditor-Master* approved by the Superior Court. Although the plaintiff's Statement of Material Facts adds additional facts, those facts are not inconsistent with the Superior Court's findings of fact.[2] Harper contends that Edley is limited to the specific findings of the Superior Court, and she may question the inferences that the plaintiff asserts a reasonable fact finder would be required to draw from the Superior Court's findings and the additional facts that the

---

[2] In defending against a motion for relief from the automatic stay in the main case, Harper previously stipulated to the accuracy of the bulk of the factual recitations in the *Statement of Material Facts*. In responding to the motion for summary judgment, Harper again has not chosen to contest those facts. Harper does not contest the accuracy of the additional facts set forth by the plaintiff's *Statement of Material Facts* (relating, for example, to what transpired in the Superior Court after this court granted relief from the automatic stay to permit the litigation in the Superior Court to resume).

Statement of Material Facts lays out.  However, that is not the same as contesting any of the Statement of Material Facts' stated facts, which are of a purely factual and non-conclusory nature. Accordingly, the facts not in genuine dispute are as set forth in the plaintiff's Statement of Material Facts, and are as follows.

   Francia Lanier was a resident of the District of Columbia who suffered a stroke on or about December 10, 2010.  In addition to her stroke, she also suffered from dementia, a seizure disorder, and other related conditions.  Shortly after Lanier suffered her stroke, she apparently appointed the debtor, Harper, as her attorney-in-fact through a Power of Attorney dated December 18, 2010.  On December 31, 2010, Lanier purportedly executed a will, leaving most of her estate to the debtor, Harper, and leaving only token devises to her biological daughter.  Lanier's daughter, Belle, has Down's Syndrome and is a ward of the District of Columbia.  On February 10, 2011, Lanier purportedly changed the title of her real property at 3413 Eads Street, NE, Washington, DC 20019, to add the debtor as a joint-tenant.  Subsequently, a reverse mortgage was obtained on the property on behalf of Lanier, authorizing access of up to $279,000.  Utilizing her Power-of-Attorney, the debtor managed Lanier's bank account at Industrial Bank.  From August 2011 through June 2012, the debtor drafted $121,719.65 in checks from

Lanier's account, many of which were written to herself or to her husband.

The District of Columbia Adult Protective Services initiated an investigation of the debtor's actions and requested that the Superior Court appoint a guardian and conservator for Lanier. The debtor's conduct while acting as a fiduciary and attorney-in-fact of Lanier was reviewed in the Superior Court in an intervention proceeding.  *See In re Francia Lanier*, Case No. 2013 INT 0027.  The Superior Court appointed Kimberly K. Edley as Lanier's permanent guardian and conservator on March 21, 2013, at which time the debtor's Power of Attorney was voided.  Lanier died on April 23, 2013.

The Superior Court ordered the debtor to submit an accounting of her expenditures in her capacity as Lanier's attorney-in-fact within 60 days, to release all funds held by the debtor in Lanier's name, and to deliver the keys to Lanier's real property to Edley.  The debtor did not timely file the accounting as requested by the Superior Court and the Superior Court referred the matter to the District of Columbia Office of the Auditor-Master for that department to review the available records and provide an accounting of Lanier's assets.  Throughout the Auditor-Master's review and investigation, the debtor refused to provide testimony explaining her various expenditures made on behalf of Lanier, instead invoking her Fifth Amendment right

against self-incrimination.  At the conclusion of the investigation, the Auditor-Master compiled a report and submitted it to the debtor and to Edley for review, advising them to submit any objections to the accounting by December 24, 2014.  No objections were filed by either Edley or the debtor and on December 30, 2014, the Auditor-Master submitted its report to the Superior Court for approval in the intervention case.  The report recommended entry of a judgment against the debtor in favor of the Estate for $167,622.52 in unsubstantiated and disallowed expenditures made by the debtor while she managed Lanier's assets, as well as pre-judgment interest of 6% from January 29, 2013 through entry of judgment.

At a February 23, 2015, hearing in the Superior Court regarding the Auditor-Master's report and recommendations the debtor requested to stay approval of the report to allow her time to reconsider her invocation of the Fifth Amendment and possibly provide testimony about her expenditures on behalf of Lanier.  The Superior Court granted a 90-day continuance and set a status hearing for May 22, 2016.  On May 5, 2016, less than three weeks prior to the status conference, the debtor filed her bankruptcy case, staying the Superior Court case and the impending entry of judgment.  The plaintiff filed a Motion for Relief from Stay in the debtor's underlying bankruptcy case, which the court granted by order on June 7, 2016.  Then, in a hearing in the Superior

Court on August 9, 2016, the Superior Court approved the Auditor-Master’s report, including the factual findings contained therein. On the same day, the Superior Court entered an order approving the Auditor-Master’s report and entering judgment in the total amount of unsubstantiated and disallowed expenditures determined by the Auditor-Master--$167,622.52--plus $19,288.07 in pre-judgment interest from the date of the report as well as an additional $16,116.75 in interest accrued between December 30, 2014 and the date of the August 9,2016 order and post-judgment interest, accruing at $27.55 per day. The debtor did not appeal the Superior Court judgment and it is now a final judgment.

II

CONCLUSIONS OF LAW

Under 11 U.S.C. § 523(a)(4), a chapter 7 discharge does not discharge a debt “for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.” Under 11 U.S.C. § 523(a)(6), a chapter 7 discharge also does not discharge a debt “for willful and malicious injury by the debtor to another entity or to the property of another entity[.]” It suffices to conclude that the debt at issue in this case is nondischargeable under § 523(a)(4) as a debt for fraud or defalcation while acting in a fiduciary capacity. The court need not decide whether, as the plaintiff additionally asserts, the debt is nondischargeable as a

debt for embezzlement under § 523(a)(4) or is nondischargeable under § 523(a)(6).

The Superior Court judgment is plainly nondischargeable under § 523(a)(4) as a debt for fraud or defalcation while acting in a fiduciary capacity.  Harper concedes that she was acting as a fiduciary for Francia Lanier.  She contests that she engaged in fraud or defalcation while acting in that capacity.

Harper's sole argument in opposition to the motion for summary judgment is that the Superior Court's judgment did not find that she engaged in fraud or defalcation.  Specifically, she argues that "[t]he only legal issue in this case is whether the Superior Court's language *unsubstantiated and disallowed* constitute the predicate under which the scheduled debt owed to Lanier's Estate by the debtor while acting in a fiduciary capacity falls within the meaning of a non-dischargeable debt pursuant 11 U.S.C. § 523(a)(4) and (a)(6)."  Oppos'n Mem., Dkt. No. 45, at 2.  The issue of whether Harper's actions constituted defalcation within the meaning of § 523(a)(4) was never an issue before the Superior Court and was not necessary for its decision.  Accordingly, under *Brown v. Felsen*, 442 U.S. 127, 137-39 (1979), the plaintiff is not foreclosed from showing that the debt arose from fraud or defalcation even though the Superior Court made no finding in that regard, one way or the other.

Based on the material facts that are not in genuine dispute, a finder of fact could only conclude that the conduct giving rise to the Superior Court judgment was conduct that amounted to fraud or defalcation while acting in a fiduciary capacity.  Defalcation requires an intentional wrong, either through conduct that the fiduciary knows is wrong or through reckless conduct the criminal law generally treats as equivalent to knowledge, such as that set forth in the Model Penal Code.  *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1759 (2013).  "Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty."  *Id.*  (quoting Model Penal Code § 2.02(2)(c) (1985)).  Such a "substantial and unjustifiable risk" must be of the character that, considering the nature and intentions of the wrongdoer and the circumstances known to him or her, disregarding the risk constituted "'*a gross deviation* from the standard of conduct that a law-abiding citizen would observe in the actor's situation.'"  *Id.* at 1760 (quoting Model Penal Code § 2.02(2)(c) (1985)).  Under the facts not in genuine dispute, a reasonable fact finder could only find that Harper's breach was committed intentionally.  The facts therefore establish the existence of the necessary scienter required for § 523(a)(4) defalcation while acting in a fiduciary capacity.

A finding of defalcation may be inferred from the totality of the circumstances and circumstantial evidence.  *See In re Jahlring*, 816 F.3d 921, 926 (7th Cir. 2016) (noting that "[j]udges and juries rarely have access to direct evidence about a person's state of mind at a prior time" and therefore the the bankruptcy court, applying *Bullock*'s scienter requirement to find that the debtor committed defalcation while acting in a fiduciary capacity, properly based its findings on circumstantial evidence); *see also In re Bocchino*, 794 F.3d 376, 382 (3d Cir. 2015) ("A debtor will rarely admit to intentional deception, thus intent is most often inferred from the totality of the circumstances."); *Ormsby v. First American Title Company of Nevada (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010) ("The totality of the circumstances as described in the state court's findings of fact make clear that Ormsby acted with fraudulent intent.").  Here, like in *Jahlring*, "the facts almost speak for themselves."  *In re Jahlring*, 816 F.3d at 926.

The facts established in the Superior Court (which Harper does not contest) establish that while managing Francia Lanier's finances as a fiduciary, Harper spent nearly 75% of Francia Lanier's available funds of $226,850.96 on unsubstantiated and disallowed expenditures.  In the absence of any other evidence to explain the dissipation of funds, the severe depletion of a disabled, elderly woman's funds that had been entrusted to Harper

for financial management was, within the meaning of *Bullock*, a breach of fiduciary duty committed intentionally or through recklessness involving a "gross deviation of behavior" expected of a similarly situated fiduciary.

Moreover, when the additional facts not in genuine dispute are considered, the only reasonable inference to be drawn from the totality of the circumstances is that Harper's misconduct was intentional, not merely reckless.  Harper has not contested that many of the unsubstantiated and disallowed payments made by Harper from Francia Lanier's funds were made through checks drafted to cash, or were made directly to Harper or her husband. When asked to explain her actions, Harper invoked her Fifth Amendment right against self-incrimination, accepting the negative inferences that attach to doing so in a civil case.[3] But for Harper's actions, Francia Lanier's estate would have retained some value to pass down to Francia Lanier's disabled daughter and Lanier's granddaughter.  From the totality of the circumstances, a reasonable finder of fact could only find that Harper's misconduct was intentional.  As such, the debtor's

---

[3] The Supreme Court has held that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them[.]"  *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *see also In re Vitamins Antitrust Litig.*, 120 F.Supp.2d 58, 68 (D.D.C. 2000) (explaining that under *Baxter*, "the Court may draw an adverse inference from his refusal to answer plaintiffs' questions about his jurisdictional contacts when resolving his Motion to Dismiss").

conduct constituted defalcation while acting in a fiduciary capacity that justifies excepting the Superior Court judgment against her from discharge.

III

CONCLUSION

In accordance with the foregoing, Edley is entitled to summary judgment in her favor. It is thus

ORDERED that Edley's motion for summary judgment (Dkt. No. 39) is GRANTED, and a judgment follows declaring the Superior Court judgment against the debtor nondischargeable.

[Signed and dated above.]

Copies to: All counsel of record; debtor.